```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

LIFE INSURANCE COMPANY            )
OF NORTH AMERICA,                 )
                                  )
            Plaintiff,            )
                                  )
      vs.                         )      No. 4:04-CV-1568 CEJ
                                  )
IRIS BURNS and DOES 1 - 10,       )
                                  )
            Defendants.           )


**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's second motion for default judgment against defendant Iris Burns. On July 7, 2005, the Clerk of Court, upon motion of the plaintiff, entered default against defendant Burns pursuant to Fed. R. Civ. P. 55(a).

Plaintiff brings this action to enforce the terms of a benefit plan under the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et. seq., and for breach of contract. In the complaint, plaintiff alleges that the defendant received an overpayment of disability benefits and that she has failed to reimburse plaintiff for the overpayment.

Defendant Burns was a participant in an employee welfare benefit plan within the meaning of § 3(1) of ERISA. She was covered under a long term disability insurance policy issued by the plaintiff to her employer and the plan sponsor, Nu-Way Concrete Forms. Under the terms of the policy, the amount of the monthly long term disability benefit was based on a percentage of the

employee's monthly earning minus any other benefits received, such as Social Security disability payments. The policy contains the following provision regarding overpayment:

> **RECOVERY OF OVERPAYMENTS**
>
> If the Monthly Benefit for any month is overpaid, the Insurance Company has the right to recover the amount overpaid by either of the following methods:
>
> (1) a deduction of the overpaid amount from any future payments by the Insurance Company; or
>
> (2) a lump sum repayment by the Employee of the overpaid amount.

Pltf's Mot. for Default J., Exh. C, p. 14.

Plaintiff filed a claim for benefits under the policy, which she began receiving in November of 1998. When she filed her claim, she signed an agreement with the insurance company, stating that

> If I later receive Other Benefits for my self or my dependents, if applicable, I agree to reimburse the full amount of any overpayment within 30 days after receiving the award. In addition, I agree to let the insurance company, at its option, retain any future benefits payable, including any Minimum Monthly Benefit, and use it to reduce any overpayment not refunded within 30 days. The Insurance Company reserves the right to obtain a lump sum payment to recover an overpayment even if future benefits are being withheld.

Pltf's Second Mot. for Default J., Exh. E.

In May of 2000, the plaintiff was notified by the Social Security Administration that the defendant had been receiving Social Security disability payments since February of 1999. According to the affidavit of Malinda High, a Claims Manager employed by the plaintiff, the defendant received an overpayment of long-term disability payments in the amount of $13,663.50. To
-2-

date, the defendant has failed to reimburse the plaintiff for the overpayment.

Based upon its review of the record, the Court concludes that the plaintiff is entitled to default judgment against the defendant Iris Burns, in the amount of $13,663.50. However, judgment against defendant Burns cannot be entered until the case is disposed of as to the remaining defendants.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's motion [#16] for default judgment is **granted**. Final judgment will be entered at the conclusion of the case.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of March, 2006.